1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| JOSE BONILLA, | Case No. 3:11-cv-1274-GPC-WMC |
|---|---|

11                                  Plaintiff,

**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION TO DISMISS**

12            vs.

13
D. URIBE; K. BERKLER; T.L. ROSENKRANS; E. FISCHER; E.
14 VARGAS; J. ESCOBEDO; A. MONARREZ;,

**(ECF NOS. 132, 144)**

15
                                  Defendants.
16

17                          <u>INTRODUCTION</u>

18          On June 9, 2011, plaintiff Jose Bonilla ("Plaintiff"), a state prisoner proceeding

19 pro se, filed a civil rights action pursuant to 28 U.S.C. § 1983.  Defendants E. Fischer,

20 E. Vargas, J. Escobedo, D. Uribe, K. Berkler, and T. Rosenkraus ("Defendants") filed

21 a motion to dismiss Plaintiff's Third Amended Complaint ("TAC").  (ECF No. 132.)

22 The Honorable William McCurine, Jr., United States Magistrate Judge, submitted a

23 report and recommendation ("Report") to this Court, recommending Defendants'

24 Motion to Dismiss be granted with prejudice.  (ECF No. 144.)  After a careful

25 consideration of the pleadings, the parties' submissions, and the applicable law, and for

26 the reasons set forth below, this Court will **ADOPT** the Report in its entirety and will

27 therefore **GRANT** Defendants' Motion to Dismiss and **DISMISS WITH**

28 **PREJUDICE** Plaintiff's TAC.

# BACKGROUND[1]

Plaintiff's case arises from his designation as a prison gang affiliate. (ECF No. 144.) Plaintiff first filed a petition for writ of habeus corpus challenging his designation in the California Superior Court for Kern County. (Id.) This petition was denied. (Id.) Plaintiff filed a subsequent petition in the California Court of Appeal raising the same arguments. (Id.) The appellate court denied this petition. (Id.) Plaintiff then filed a petition with the Supreme Court of California, which was also denied. (Id.)

Plaintiff then filed a petition for writ of habeus corpus in the Eastern District of California challenging the sufficiency of evidence regarding his gang validation and placement in administrative segregation. (Id.) The district court recommended dismissal. Plaintiff filed timely objections, challenging the magistrate judge's findings and recommendations. (Id.) After reviewing Plaintiff's petition, the district court adopted the magistrate judge's findings and recommendations, and dismissed the petition. (Id.)

Plaintiff has now filed the instant civil rights action under 42 U.S.C. § 1983, alleging violations of due process and equal protection. (ECF No. 129.) Defendants move to dismiss. (ECF No. 132.) The magistrate judge recommends dismissal with prejudice on res judicata grounds. (ECF. No 144.) Plaintiff filed an objection to this recommendation, (ECF No. 149), and Defendants filed a reply. (ECF No. 151.)

# STANDARD OF REVIEW

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). When

---

[1] The underlying facts set forth in the Report, taken directly from the California Court of Appeal's opinion affirming Plaintiff's conviction on appeal, is adopted in toto and referenced as if fully set forth herein. This Court provides only a brief procedural background.

no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. Campbell v. United States Dist. Ct., 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo." Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)). Any objections must be specific to a particular finding or conclusion. See Thomas v. Arn, 474 U.S. 140, 151-53 (1985).

## DISCUSSION

After reviewing the Report, Plaintiff's Objection, and Defendants' Reply, the Court concludes Plaintiff's objections are not specific to any of the magistrate judge's findings or conclusions. As such, the Court assumes the correctness of the magistrate judge's factual findings and adopts them in full. Further, the Court has conducted a de novo review of the magistrate judge's legal conclusions, independently reviewing the Report and all relevant papers submitted by both parties. As set forth in the following paragraphs, the Court finds that the Report provides a cogent analysis of the issues raised in Defendants' Motion to Dismiss.

**I.   Res Judicata**

The magistrate judge concluded Plaintiff's claims are res judicata. This Court agrees. "A final judgement on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). Plaintiff's complaint alleges, near verbatim, the same cause of action he pursued in state court. Plaintiff had a full and fair opportunity to litigate his claim in the state proceedings. The state courts' adjudication of Plaintiff's claims was final, on the merits**,** and brought against the same defendants. Plaintiff's objections do not address the substance of these conclusions. Accordingly, the Court **ADOPTS** the Report with regard to the magistrate judge's

1  conclusion that Plaintiff's claims are res judicata.

2  **II.     Collateral Estoppel**

3      The magistrate judge further concluded that collateral estoppel bars Plaintiff
4  from relitigating the issue of whether he received due process regarding the evidence
5  used to validate his gang affiliation.   This Court agrees.   Under the doctrine of
6  collateral estoppel, "once a court has decided an issue of fact or law necessary to its
7  judgement, that decision may preclude relitigation of the issues in a suit on a different
8  cause of action  involving a party to the first case." <u>Allen</u>, 449 U.S. at 94.  Here,
9  Plaintiff raised the same issue regarding the reliability of the evidence used to validate
10  him as a gang member before the state court, which decided that three items supported
11  the validation.  Further, there was a final judgement on the merits and Plaintiff was a
12  party to each state proceeding.  Plaintiff had a full and fair opportunity to litigate his
13  claims and accordingly collateral estoppel bars the relitigation of these issues.
14  Plaintiff's objections do not address the substance of this conclusion. Accordingly, this
15  Court **ADOPTS** the Report with regard to the magistrate judge's conclusion that
16  Plaintiff is collaterally estopped from relitigating the issue of whether the evidence
17  used to validate his gang affiliation was insufficient or unreliable.

18  **III.    <u>Rooker-Feldman</u> Doctrine**

19      Defendants claim the <u>Rooker-Feldman</u> doctrine deprives this Court of
20  jurisdiction to hear a direct appeal from the final judgement of a state court. (ECF No.
21  132-2.)  The magistrate judge concluded, however, that the doctrine does not apply
22  because Plaintiff has not directly challenged the state courts' decisions, but has instead
23  filed claims for violations of his civil rights pursuant to § 1983.  The Court agrees with
24  this conclusion. <u>See</u> <u>Maldando v. Harris</u>, 370 F.3d 945, 949 (9th Cir. 2004) ("[F]ederal
25  district court does not have subject matter jurisdiction to hear a direct appeal from the
26  final judgment of a state court."); <u>see also</u> <u>Noel v. Hall</u>, 341 F.3d 1148, 1164 (9th Cir.
27  2003) ("If . . . a federal plaintiff asserts as a legal wrong an allegedly illegal act or
28  omission by an adverse part, <u>Rooker-Feldman</u> does not bar jurisdiction.").  Plaintiff's

objections do not address the substance of this conclusion.  The Court therefore **ADOPTS** the Report with regard to the conclusion that the <u>Rooker-Feldman</u> doctrine does not apply.

### IV.   Qualified Immunity

The magistrate judge concluded that, because Plaintiff did not sufficiently allege any constitutional violation, qualified immunity bars his due process and equal protection claims.  This Court agrees.  <u>See</u> <u>Jeffers v. Gomez</u>, 267 F.3d 895, 910 (9th Cir. 2001) ("Government officials enjoy qualified immunity unless their conduct violates a clearly established statutory or constitutional rights.") Plaintiff's objections do not address the substance of this conclusion.  Accordingly, the Court **ADOPTS** the Report with regard to the conclusion that qualified immunity bars Plaintiff's claims.

In sum, the Court adopts each of the magistrate judge's conclusions.

### CONCLUSION AND ORDER

Having considered the Report, Plaintiff's Objection, Defendants' Reply, and the applicable law, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Report is **ADOPTED** in its entirety;
2. Defendants' Motion to Dismiss is **GRANTED**;
3. Plaintiff's TAC is **DISMISSED WITH PREJUDICE**; and
4. The Clerk of Court shall enter judgment in accordance with this Order.

DATED:  September 30, 2013

HON. GONZALO P. CURIEL
United States District Judge