UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BONILLA,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>D. URIBE; K. BERKLER; T.L. ROSENKRANS; E. FISCHER; E. VARGAS; J. ESCOBEDO; A. MONARREZ;,<br><br>　　　　　　　　　Defendant. | Case No. 3:11-cv-1274-GPC-WMC<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR RECONSIDERATION**<br><br>**(ECF NO. 155)** |

## INTRODUCTION

On June 9, 2011, plaintiff Jose Bonilla ("Plaintiff"), a state prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Defendants E. Fischer, E. Vargas, J. Escobedo, D. Uribe, K. Berkler, and T. Rosenkraus ("Defendants") filed a motion to dismiss Plaintiff's Third Amended Complaint ("TAC") on grounds of, among other things, the doctrine of res judicata. (ECF No. 132.) The Honorable William McCurine, Jr., United States Magistrate Judge, submitted a report and recommendation ("Report"), recommending that this Court grant Defendants' Motion to Dismiss with prejudice. (ECF No. 144.) This Court adopted the Report in its entirety and thus dismissed Plaintiff's TAC with prejudice. (ECF No. 152.)

Presently before the Court is Plaintiff's Ex Parte Motion for Reconsideration

brought under Federal Rule of Civil Procedure 60(b), in which Plaintiff claims the state-court determination on which this Court partly relied to apply the doctrine of res judicata, was obtained through extrinsic fraud. (ECF No. 155.) After a careful consideration, Plaintiff's Ex Parte Motion for Reconsideration is **DENIED** for the reasons that follow.

## BACKGROUND

The relevant background information is recited in the Report, (ECF No. 144), and in this Court's September 30, 2013 Order ("Order"), (ECF No. 152), which the Court incorporates herein by reference. In short, Plaintiff asserts his federal civil rights were violated by his gang validation while in state custody. In the Order, the Court dismissed Plaintiff's claims under the doctrine of res judicata, relying in part on a state trial court's denial of a habeas petition Plaintiff filed in 2009. (Id.)

## LEGAL STANDARD

"A motion for reconsideration may be brought under Federal Rule of Civil Procedure 60(b)." Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985). Rule 60(b)(3) allows a court to relieve a party of a final judgment, if that judgment was obtained through "fraud, misrepresentation, or misconduct by an opposing party." To prevail on a motion brought under Rule 60(b)(3), "the moving party must establish that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case." In re M/V Peacock On Complaint of Edwards, 809 F.2d 1403, 1404-05 (9th Cir. 1987). "The rule is aimed at judgments which were unfairly obtained." (Id.) (citing Rozier v. Ford Motor Co., 573 F.2d 1332, 1339 (5th Cir.1978)).

## DISCUSSION

Plaintiff claims he is the victim of extrinsic fraud due to the California Attorney General's failure to provide a copy of a court-ordered "informal response" in a 2009 state-court habeas proceeding. (ECF No. 155.)

In this 2009 proceeding, Plaintiff, as in this case, challenged his gang validation

while in state custody.[1] On August 20, 2009, the state court issued an order finding that two out of the three pieces of evidence relied on to validate Plaintiff's gang membership were sufficient and requiring an informal response to Plaintiff's petition as to the third piece of evidence challenged by Plaintiff. (ECF No. 143-1 at 62-63.) The state-court order denying Plaintiff's petition indicates that it "read and considered the informal response by [the Attorney General] and [Plaintiff]'s reply thereto on October 8, 2009 and October 27, 2009 respectively." (Id. at 68.) Thus, contrary to Plaintiff's present contention that he did not receive the Attorney General's informal response, the record implies that he not only received the informal response, but that he also filed a reply thereto.

After the denial of his habeas petition in the Kern County Superior Court, Plaintiff filed a habeas petition in the California Court of Appeal, raising the same arguments he raised before the Superior Court. (ECF No. 143, Ex. E.) The Attorney General's office filed an informal response, and the appellate court denied the petition. (ECF No. 143, Ex. E at 151-52 & Ex. G.) Plaintiff then filed a petition in the California Supreme Court, which denied the petition en banc. (ECF No. 143, Ex. I.)

After the denial of his habeas petitions in the state courts, Plaintiff filed a habeas petition in the U.S. District Court for the Eastern District of California, again challenging his gang validation. (ECF No. 141, Ex. A at 4.) The Eastern District ultimately dismissed the petition and declined to issue a certificate of appealability. (ECF No. 141, Ex. B.)

"[F]ederal courts must give the same full faith and credit to a state court order as state courts would give the order." S.E. Res. Recovery Facility Auth. v. Montenay Int'l Corp., 973 F.2d 711, 713 (9th Cir. 1992). Under California law, "the doctrine of res judicata gives certain conclusive effect to a former judgment in subsequent litigation involving the same controversy." Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 797-98 (2010). The elements for applying the doctrine include:

---

[1] Superior Court of California for Kern County, Case No. HC011288A.

(1) A claim or issue raised in the present action is identical to a claim or issue [2] litigated in a prior proceeding; [3] the prior proceeding resulted in a final judgment on the merits; and [4] the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.

Id.

Interpreting Plaintiff's Ex Parte Motion liberally, Plaintiff asserts the Kern County Superior Court's denial of his habeas petition was fraudulently obtained because he did not receive the Attorney General's October 8, 2009 informal response to his habeas petition. (ECF No. 155 at 4-5.) He therefore claims the state court's denial of his habeas petition cannot be used to satisfy the "final judgment on the merits" element for applying the doctrine of res judicata.

Plaintiff has only recently raised the issue of not receiving the Attorney General's October 8, 2009 informal response. Plaintiff did not raise the issue of extrinsic fraud in any of the previous complaints filed in this case. Indeed, Plaintiff did not raise the issue of extrinsic fraud before the California Court of Appeals, the California Supreme Court, or the U.S. District Court for the Eastern District of California. Thus even if this Court somehow had the authority to set aside the state trial court's denial of Plaintiff's habeas petition, several other final determinations provide a sufficient basis for this Court's application of res judicata.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Motion for Reconsideration is **DENIED**. Plaintiff is advised that this case is closed and that no further filings will be accepted.

DATED: December 3, 2013

HON. GONZALO P. CURIEL
United States District Judge